IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORETTA NICHOLS,

        Plaintiff,

v.

WAL-MART STORES EAST, LP and
BOBBY GILLESPIE,

        Defendants.

CIVIL ACTION NO.
1:05-CV-2650-JEC

## ORDER

This case is before the Court on plaintiff's Ex Parte[1] Motion to Remand to State Court [5] and Ex-Parte Motion for Protective Order and Motion to Stay Discovery [7].[2]

The Court **DENIES** plaintiff's Ex Parte Motion to Remand to State

---

[1] The Court does not understand why plaintiff denominated these motions as "ex parte" motions, as plaintiff properly served defendant with the motions.

[2] The Court notes that plaintiff has filed its motions in a font size that does not appear to conform with the requirements of the local rules. Further, plaintiff has not certified that its pleadings comport with the font size compelled by local rule. Documents must be prepared in either Times New Roman (at least 14 point), Courier New (at least 12 point), Century Schoolbook (at least 13 point) or Book Antiqua, (at least 13 point) fonts; typewriter prepared documents must be prepared with no more than 10 characters per inch. THE PARTIES ARE HEREBY PUT ON NOTICE THAT THE COURT MAY STRIKE FUTURE PLEADINGS OR CORRESPONDENCE THAT VIOLATE THE ABOVE LOCAL RULES. See L.R. 5.1B, NDGa.

Court [5]. In responding to plaintiff's motion, defendant Wal-Mart has presented what would appear to be unassailable authority indicating that plaintiff cannot sue the store manager, Mr. Gillespie,[3] for the injury suffered by plaintiff. Plaintiff has not filed a reply disputing, in any way, defendant's arguments.

The Court also **DENIES**, as moot, plaintiff's Ex-Parte Motion for Protective Order and Motion to Stay Discovery [7]. This case is on a four-month discovery track and the deadline would have expired on March 13, 2006. The Court assumes that little discovery has occurred, given the pendency of plaintiff's motion to stay. Accordingly, discovery will be extended until **May 31, 2006**. The parties are directed to file the various pleadings required by rule to be filed (Certificate of Interested Parties, Preliminary Planning Report and Scheduling Order, etc.) within **twenty (20) days**. The Court reminds plaintiff that, if plaintiff intends to call an expert witness, that witness must be disclosed early enough in the discovery process to enable defendant to have an opportunity to depose plaintiff's witness and to disclose its own expert witness. Plaintiff should consult the relevant local rules concerning this duty.

---

[3] Occasionally, plaintiff refers to the defendant as "defendant Keystone." The Court assumes that this was a typographical mistake.

SO ORDERED, this ___19___ day of January, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE